UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:23-cv-62275-WPD

SHENZHEN DEJIAYUN NETWORK
TECHNOLOGY CO., LTD., a Chinese Corporation,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____

## ORDER ON PLAINTIFF'S MOTION
## FOR ENTRY OF A PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on Plaintiff Shenzhen Dejiayun's Motion for Entry of a Preliminary Injunction. ("Plaintiff's Motion for PI"). [DE 20]. The Plaintiff, Shenzhen Dejiayun, ("Plaintiff") moves for entry of preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint, and attached hereto, (collectively "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 17 U.S.C. § 504(b) and Federal Rule of Civil Procedure 65(a).

The Court has carefully considered the Motion, the record, and the governing law. The Court also held a hearing on the Motion on February 9, 2024, at which only counsel for Plaintiff appeared. For the reasons stated below, the Plaintiff's Motion for Entry of a Preliminary Injunction [DE 20] is **GRANTED**.

1

**I.      FACTUAL BACKGROUND**

Plaintiff is the owner of U.S. Trademark Registration No. 5,745,285 ("BAGILAANOE"). [DE 1] at ¶ 3. Since May 7, 2019, Plaintiff has utilized the BAGILAANOE Mark in connection with the advertising, marketing and sale of retail items, as depicted therein, in interstate and foreign commerce, including commerce in the State of Florida and the Southern District of Florida. [DE 1-1]. In order to counter widespread infringement of the BAGILAANOE mark, Plaintiff has undertaken an investigation which has established that Defendants are using various storefronts on the Walmart e-commerce platform to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida. [DE 8] at ¶¶12-14. Plaintiff personally analyzed each of the screenshots and photographs of the products as described in the Declaration of Deng Jialiang and its accompanying exhibits, which demonstrate that products are being offered for sale to residents of the United States and the State of Florida utilizing the unauthorized and infringing counterfeits of Plaintiff's BAGILAANOE mark. [DE's 8, 8-3, 8-4)]

**II.     LEGAL STANDARD**

Title 15 U.S.C. §1114 provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." A party seeking to obtain a preliminary injunction must demonstrate:

> (1) a substantial likelihood of success on the merits,
> (2) a substantial threat of irreparable injury if the injunction were not granted,
> (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and
> (4) that granting the injunction would not disserve the public interest.

*Suntrust Bank v. Houghton Mifflin Company*, 268 F.3d 1257, 1265 (11th Cir. 2001) (citing *Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir.1998)).

**III.   CONCLUSIONS OF LAW**

The submissions that the Plaintiff submitted in support of its *Ex Parte* Application for Temporary Restraining Order and the representations made in the Motion for Preliminary Injunction support the following conclusions of law:

A.   The Plaintiff has a strong probability of proving at trial that (1) Plaintiff owns the valid trademark for the BAGILAANOE Mark.

B.   Because of the infringement of the BAGILAANOE Mark, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying submissions, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers, before the Defendants can be heard in opposition unless the Plaintiff's request for relief is granted:

1.   The Defendants own or control Internet based e-commerce stores through which Defendants sell products utilizing Plaintiff's BAGILAANOE Mark without permission;

2.   There is good cause to believe that more products that do not originate with and are not approved by Plaintiff will appear in the marketplace that are marketed and sold utilizing unauthorized and infringing copies of Plaintiff's BAGILAANOE Mark without permission; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

3. There is good cause to believe that the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

C. If a preliminary injunction is issued, the potential harm to the Plaintiff, its reputation, and its goodwill associated with the BAGILAANOE Mark far outweighs the potential harm to the Defendants in restraining their trade associated with their use of the BAGILAANOE Mark.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's trademark interests, to encourage respect for the law and to protect the public from being defrauded.

E. Pursuant to 15 U.S. Code § 1117(a), a trademark owner is entitled to recover profits, actual damages suffered by him or her as a result of the infringement, as well as attorney's fees and costs. In addition, the law provides for statutory damages upon Plaintiff's election. 15 U.S.C. §1117(c).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason

to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of the Plaintiff's Complaint, Motion for Entry of Preliminary Injunction, and supporting evidentiary submissions, the Court hereby **ORDERS AND ADJUDGES** that the Plaintiff's Motion for Entry of a Preliminary Injunction Order [DE 20] is **GRANTED**, under the terms set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are temporarily enjoined and restrained from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the BAGILAANOE Mark in any manner without the express authorization of Plaintiff;

    b. using the BAGILAANOE Mark in connection with the publicity, promotion, sale, distribution or advertising of any goods sold by Defendants and selling of any items under the BAGILAANOE Mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the BAGILAANOE Mark and damaging Plaintiff's goodwill;

    e. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products marketed, sold or offered for sale using the BAGILAANOE Mark or substantially similar reproductions; or (ii) any assets or other financial accounts subject to this Order, in the actual or constructive possession of, or owned, controlled, or

held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

2. Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of the BAGILAANOE Mark on or in connection with, all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller ID's.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for any of the Defendants, including but not limited to, Walmart, Hyperwallet, Paypal, and Payoneer, and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) In addition to other methods authorized by law, Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online marketplace platforms, Financial Institutions and/or Third Party Service Providers at the following addresses:

i. PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

ii. Stripe, Attn. Legal, at notices@stripe.com;

iii. Payoneer, VP of Operations at VPOperations@Payoneer.com and/or Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com;

iv. Walmart, legal@walmart.com;

v. PingPong Global Solutions Inc., Legal Department at legal@pingpongx.com.

(7) This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the BAGILAANOE Mark at issue in this action and/or unfairly competing with Plaintiff.

(8) The Court determines that the bond in the amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), posted by Plaintiff on January 25, 2024 and as evidenced by the Clerk's Notice, [DE 19] is sufficient and shall remain with the Court until a final disposition or until this Preliminary Injunction is dissolved or terminated.

(9) This preliminary injunction order shall remain in effect until a final disposition or until this Preliminary Injunction is dissolved or terminated.

(10)    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 9th day of February 2024.

cc: counsel of record

WILLIAM P. DIMITROULEAS
United States District Judge

**SCHEDULE A ON NEXT PAGE**

9

| Def. No. | Platform | Store Name |
|---|---|---|
| 1 | Walmart | absuyy LLC |
| 2 | Walmart | Allatever |
| 3 | Walmart | BARBARIZAT |
| 4 | Walmart | Bnwani Store |
| 5 | Walmart | BTJXK STORE |
| 6 | Walmart | CFox Co.ltd |
| 7 | Walmart | Cryptic |
| 8 | Walmart | CSun Co.ltd |
| 9 | Walmart | DEITY |
| 10 | Walmart | EAGLE |
| 11 | Walmart | FS MALL |
| 12 | Walmart | Get rich |
| 13 | Walmart | Good friend store |
| 14 | Walmart | GUANG ZHOU SHI MA LONG JING MAO YOU XIAN Co.ltd |
| 15 | Walmart | Guyueyu Co.,ltd |
| 16 | Walmart | Happy Mall |
| 17 | Walmart | HOMEDLES Co.Ltd |
| 18 | Walmart | Hundred Treasure Bag |
| 19 | Walmart | LBYUINBG |
| 20 | Walmart | LEMON-NM |
| 21 | Walmart | EXEMPTED |

| 22 | Walmart | LUNE |
| --- | --- | --- |
| 23 | Walmart | meituanyouxuan |
| 24 | Walmart | Ornament Co.Ltd |
| 25 | Walmart | Passion Co.ltd |
| 26 | Walmart | Philosophical research |
| 27 | Walmart | Pro Seller |
| 28 | Walmart | Prominence store |
| 29 | Walmart | Ricardo M. Lu |
| 30 | Walmart | Sayuri |
| 31 | Walmart | shenzhenhuangtianye |
| 32 | Walmart | shenzhenshijingrumeng |
| 33 | Walmart | shenzhenshixiaoliyudianzi |
| 34 | Walmart | Sixteen Store |
| 35 | Walmart | Sunton |
| 36 | Walmart | Sweetheart Island |
| 37 | Walmart | Tr.CAT CHr MALL |
| 38 | Walmart | Wissdoom Green Industrial Trade Inc |
| 39 | Walmart | Xiaoxin Store |
| 40 | Walmart | YOOUK |
| 41 | Walmart | Yoursss |